IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHER DIVISION

IN THE MATTER OF THE COMPLAINT
OF JONATHAN POWERS, AS OWNER AND
OPERATOR OF THAT KEY WEST MOTOR
VESSEL, Hull Identification No: KWEDD111H506.
FOR EXONERATION FROM OR LIMITATION
OF LIABILITY



CIVIL ACTION NO: 1:14CV283HSO-RHW
IN ADMIRALTY 9(h)

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

COMES NOW INTO COURT, through undersigned counsel, Jonathan Powers, as owner and operator of the that Key West Motor Vessel, HIN No. KWEDD111H506 (Hereinafter referred to as PLAINTIFF'S MOTOR VESSEL) and brings this Complaint in admiralty pursuant to 46 USC § 181 *et seq.* currently codified 46 USC 30501 et. seq. and represents to this Honorable Court as follows:

JURISDICTION

1. This is a case of admiralty and maritime jurisdiction, and an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure Rule 9(h), the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. This court has jurisdiction pursuant to 28 USC § 1333.

## VENUE

2. Venue is proper in the U.S. District Court for the Southern District of Mississippi pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims. The motor vessel in issue is currently located in Pass Christian, Mississippi which is within the United States District Court for the Southern District of Mississippi. While a claim has been made against Plaintiff, suit has not been filed against him or PLAINTIFF'S MOTOR VESSEL.

3. The claim giving rise to this Complaint for Limitation occurred on the navigable waters of the United States, Bay of St. Louis, located within the Southern District of Mississippi.

4. At all times pertinent hereto, Jonathan Powers is and was the owner and operator of PLAINTIFF'S MOTOR VESSEL, her equipment, tackle, apparel, fixtures, and furniture.

5. Jonathan Powers resides at 2712 Bayou Carencro Dr., Marrero, LA and is a citizen of the State of Louisiana.

6. PLAINTIFF'S MOTOR VESSEL is a fiberglass hull pleasure motor vessel twenty feet in length, Hull Identification No: KWEDD111H506.

7. The PLAINTIFF'S MOTOR VESSEL was, at all times material herein, tight, staunch, strong, and in all respects seaworthy, and fully and properly manned,

equipped, supplied and furnished and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, appliances and furniture all in good order and condition and suitable for the use and operation for which she was engaged.

8. Jonathan Powers exercised due diligence to make the vessel tight, staunch, strong, and in all respects seaworthy, and fully and properly manned, equipped, supplied and furnished.

9. On or about September 1, 2013, Ronald Tenhunfeld fell and suffered serious personal injuries while water skiing behind PLAINTIFF'S MOTOR VESSEL.

10. At the time of Ronald Tenhunfeld's fall and injury, PLAINTIFF'S MOTOR VESSEL was being operated in a reasonable and prudent matter. In addition to the vessel operator, there were two observers aboard the vessel tasked with watching Ronald Tenhunfeld as he water skied.

11. The vessel was being operated on a straight course at a constant rate of speed upon the open waters of Bay St. Louis at a safe and reasonable speed of between 20 and 25 miles per hour, when Ronald Tenhunfeld elected, without any direction from Plaintiff, to cut across the motor vessel's wake and while crossing the wake, Tenhunfeld fell into the water and suffered injury. It was

solely Tenhunfeld's choice to cross the vessel wake when he did and there was no need for need for him to cross the vessel wake at that time.

12. Ronald Tenhunfeld fall while water skiing resulted in him severely twisting his leg and suffering serious personal injury. (This fall and resulting injury is herein referred to as The Incident in Issue)

13. Immediately after Ronald Tenhunfeld's fall, PLAINTIFF'S MOTOR VESSEL was promptly turned around and Ronald Tenhunfeld was retrieved. Tenhunfeld indicated that he had injured his leg and he was taken to a hospital in Gulfport Mississippi where he received medical treatment. Tenhunfeld's medical treatment was extensive and extended, reported to involve several surgeries and it has also been reported that it may be necessary for Ronald Tenhunfeld's leg to be amputated.

14. Ronald Tenhunfeld's fall and resulting injuries were neither caused nor contributed to by any fault or neglect on the part of Jonathan Powers. At all times relevant, the PLAINTIFF'S MOTOR VESSEL was operated and maintained in a reasonable and prudent manner. The skis and ski rope used by Ronald Tenhunfeld at the time of his fall and injury were owned by Ronald Tenhunfeld, who was solely responsible for their maintenance and condition. Tenhunfeld's decision to water ski behind PLAINTIFF'S MOTOR VESSEL

was made by Tenhunfeld alone without any direction or encouragement by Plaintiff.

15. The PLAINTIFF'S MOTOR VESSEL was at all times staunch and seaworthy. The vessel provided, at Ronald Tenhunfeld's request, simply the motive force necessary for him to water ski behind the vessel. Otherwise the condition of the vessel and its equipment did not in any way cause or contribute to Ronald Tenhunfeld's fall or his resulting injuries.

16. Immediately after he fell Ronald Tenhunfeld reported to Plaintiff that one of his water ski failed to come off after he fell, and he blamed his injury on his water ski. It is probable that Tenhunfeld's water ski caused or contributed to his injuries. Tenhunfeld did not express or in anyway indicate that the PLAINTIFF'S MOTOR VESSEL, or the manner in which it was operated caused or contributed to the INCIDENT IN ISSUE.

17. The equipment which caused the INCIDENT IN ISSUE was within Tenhunfeld's exclusive possession and control. The water skis and ski rope were owned by Ronald Tenhunfeld who chose to bring the skiing equipment and use it behind PLAINTIFF's vessel. The skis and ski rope were not a part of the fixtures or equipment of PLAINTIFF'S MOTOR VESSEL, but were brought by Ronald Tenhunfeld for his own use.

18. Ronald Tenhunfeld asked Plaintiff to use his boat for water skiing. Tenhunfeld's activities at the time of his fall and injury were solely his choice and were under Tenhunfeld's sole care and control. Plaintiff was at all times relevant a knowledgeable boat operator and was experienced with towing water skiers. Plaintiff's vessel was at all time relevant operated in a reasonable and prudent manner. Plaintiff knew that Tenhunfeld was an experienced water skier who owned his own skiing equipment and Plaintiff reasonable relied upon Tenhunfeld to act consistent with his own safety. Neither the PLAINTIFF'S MOTOR VESSEL nor Jonathan Powers, was guilty of any wrongful act or omission which caused or contributed to the incident in issue.

19. The cause or causes of the incident in issue and damages resulting therefrom, were occasioned and occurred without the privity or knowledge of Jonathan Powers, or the managing agents of PLAINTIFF'S MOTOR VESSEL. The incident in issue and resulting damages were caused solely by the actions or omissions of Ronald Tenhunfeld in choosing to water ski and to cross the vessel wake at the time and in the manner that he did.

20. Plaintiff is knowledgeable regarding the value of PLAINTIFF'S MOTOR VESSEL and its value immediately following the occurrence in issue was less than Eighteen Thousand Five Hundred ($18,500).

21. At the time of the incident, PLAINTIFF'S MOTOR VESSEL did not have any freight pending.

22. On or about July 15, 2014, PLAINTIFF first received notice that Ronald Tenhunfeld was making a damage claim against him arising from his injuries suffered while skiing behind PLAINTIFF'S MOTOR VESSEL. No suit has yet been commenced against the vessel owner.

23. Considering the nature and extent of Ronald Tenhunfeld's injuries arising from the incident in issue, Ronald Tenhunfeld's claimed damages are substantially in excess of the value of PLAINTIFF'S MOTOR VESSEL and its pending freight.

24. Plaintiff is informed and believes that Ronald Tenhunfeld has incurred substantial medical bills in Harrison County Mississippi relating to the incident in issue which bills probably have not been paid, and rights of recovery for medical bills relating to the incident in issue have probably been assigned to his medical providers or other parties.

25. In addition to the claim presented by Ronald Tenhunfeld, Plaintiff anticipates additional claims may be presented by those parties or entities who provided medical treatment to Tenhunfeld related to the INCIDENT IN ISSUE and/or received assignments of his rights against Plaintiff relating to the INCIDENT IN ISSUE .

26. All injuries and damages suffered by Ronald Tenhunfeld relevant to PLAINTIFF'S MOTOR VESSEL were done, occasioned and incurred without any fault on the part of the Jonathan Powers and any fault, or wrongful act or omission which may have caused the INCIDENT IN ISSUE, was without Jonathan Power's privity or knowledge, actual or imputed. Jonathan Powers claims the benefits of Exoneration or Limitation of Liability provided by 46 USC § 181, et seq., and all statutes amendatory thereof and supplementary thereto.

27. Jonathan Powers further specifically avers that this Verified Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on his behalf, but also on behalf of his liability insurers, which shall be entitled to exoneration from limitation of liability to the same extent as Jonathan Powers, and whose liability in the premises, if any, shall accordingly not exceed the Jonathan Powers's liability, if any.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

A. That this Honorable Court enter an Order approving as to quantum, form and surety the Letter of Undertaking filed by Jonathan Powers and its underwriter, in the amount of Eighteen Thousand, Five Hundred ($18,500) dollars, plus interest at the rate of 6% per annum, pending any appraisement as may be

ordered by the Court in the amount of Complainants' interest in such a vessel and her pending freight, if any;

B. That upon filing of the foregoing Letter of Undertaking, this Court issue an Order enjoining and/or restraining the commencement and/or prosecution of any and all actions, suits, and/or legal proceedings of any kind against PLAINTIFF'S MOTOR VESSEL, and/or Jonathan Powers, his, insurers and/or underwriters, and any other person or entity whatsoever for whom Jonathan Powers may be responsible, arising out of or attributable to the incident at issue herein, other than in these proceedings;

C. That the Court cause Notice to be issued to all persons, firms, and corporations having or alleged to have claims by reason of the matters and happenings recited in the above and foregoing Verified Complaint, ordering them to appear and file their claims with the clerk of this Honorable Court, on or before a date to be fixed by the Court as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer all premises of this Verified Complaint;

D. That the Court adjudge Jonathan Powers, his insurers and underwriters, and PLAINTIFF'S MOTOR VESSEL are not liable for any damages, demands, whatsoever in consequence of, or arising out of, or otherwise connected with

the matters and happenings recited in the above and foregoing Verified Complaint;

E. That, in the alternative, if the Court should adjudge Jonathan Powers or its insurers or underwriters are liable to any extent in the premises, then the Court adjudge that the liability of Jonathan Powers and his insurers or underwriters shall be limited to the amount of his interest in the PLAINTIFF'S MOTOR VESSEL and remaining freight, if any, at the time of the incident described above; and in that event, the amount representing the value of Jonathan Powers's interest in the PLAINTIFF'S MOTOR VESSEL shall be divided pro rata to those parties having made due proof of their respective claims; and that a decree be entered discharging Jonathan Powers and his insurers or underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Plaintiff, his insurers or underwriters, in consequence of or arising out of or connected with the matters and happenings recited in the above and foregoing Verified Complaint; and

F.  That Plaintiff have such other and further relief in the premises as may be just and proper.

Respectfully submitted this the 18th day of July, 2014.

BY: _____
VINCENT J. CASTIGLIOLA, JR.
(MSB 5923)

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
1103 Jackson Ave.
P.O. Box 1529
Pascagoula, MS 39568-1529
Telephone: 228-762-6631
Fax: 228-769-6392
vc@bnscb.com

STATE OF MISSISSIPPI

COUNTY OF HARRISON

## VERIFICATION

I, Jonathan Powers, verify the following:

1) am the owner of that Key West Motor Vessel, HIN No. KWEDD111H506

2) The allegations in the attached complaint are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17 day of July, 2014

_____
Jonathan Powers


Witness:

name: signed: _____

print: William H. Eckert

address: 5524 Lancaster Ln, Pass Christian MS